WOODROW STALLINGS, JR.,

            Plaintiff,

v.                                                        Case No. 22-cv-31-pp

JANE DOES and JOHN DOES,

            Defendants.

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

Woodrow Stallings, Jr., who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the original complaint under 28 U.S.C. §1915A, determined that it failed to state a claim and gave the plaintiff an opportunity to file an amended complaint. Dkt. No. 12. The court received the amended complaint on November 28, 2022, dkt. no. 15, and this order screens it.

**I.**     **Screening the Amended Complaint**

    **A.**     <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2

Case 2:22-cv-00031-PP   Filed 01/30/23   Page 2 of 7   Document 16

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued John and Jane Doe defendants. Dkt. No. 15 at 1. He alleges that on November 25, 2020,[1] he told Jane Does 1 and 2 that he was allergic to tomatoes; he says that both Does should have put the information in his medical file. Id. at 2. The plaintiff asserts that two days later, on November 27, 2020, he was put on "3C" where he was balled up in a knot because he could not eat, had diarrhea and had "unbearable pain." Id.

The plaintiff alleges that in late December or early January, he moved to "5C" where he tried to eat around the tomatoes, like Nurse Jane Doe told him to do, but he had an allergic reaction. Id. at 2-3. He states his body temperature rose, it became hard to breathe and it felt like he was going to die, which he told Nurse Jane Doe. Id. at 3. The plaintiff says he indicated that he would rather starve to death than choke to death on food he could not eat, and that he wrote grievances to "let them know just that." Id. John Doe allegedly came to talk to the plaintiff, but "they" kept giving him the tomato-based food.

In late January or early February 2021, the plaintiff allegedly submitted another grievance about his food allergy. Id. He says he talked to John Doe, who sent him to "M.S.U." where "they punished him for doing the same thing

---

[1] The Milwaukee County Jail inmate locator web site indicates that the plaintiff has been in custody there since November 27, 2020—two days after the date the plaintiff alleges he reported his tomato allergy. http://www.inmatesearch.mkesheriff.org/.

they were doing." Id. The plaintiff alleges that "they" made him eat everything on the tray and gave him a no-tomato tray. Id. He states that a week later he was in "5B" where he complained to John and Jane Does on each shift about "this problem." Id.

The plaintiff alleges that around June 2021, he had another allergic reaction trying to eat after losing so much weight. Id. He says that Nurse Jane Doe called to get medication for his allergic reaction. Id. at 3-4. The plaintiff indicated that he was scared for his life, had been losing weight and a lot of fellow detainees had been yelling through the cell door, checking on him. Id. at 4. The plaintiff says that the situation is affecting his mental health, and that as of November 2022, he continues to go through this suffering. Id. He says that not everyone has a primary doctor and asks why they cannot just do an allergy test like he requested. Id.

For relief, the plaintiff seeks $500,000, a court order requiring testing people for their allergies and "[t]o help them with these kinds of problems before it gets this far[]." Id. at 5.

C.   Analysis

The court assumes that the plaintiff is a pretrial detainee because he is confined at the Milwaukee County Jail.[2] A pre-trial detainee cannot be punished without due process of law. Bell v. Wolfish, 441 U.S. 520 (1979).

---

[2] The Milwaukee County Jail inmate locator web site lists the cases the plaintiff has pending; according to the publicly available docket for Milwaukee County Circuit Court, one of those, State v. Stallings, 2021CF1311 (Milwaukee County), remains pending. https://wcca.wicourts.gov.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in Kingsley [v. Hendrickson, 576 U.S. 389 (2015)]." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." McCann v. Ogle Cty., 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). The court then considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. Id.

The plaintiff's allegations that after he advised them of his allergies, jail staff refused to give him a medically necessary diet because they continued to provide him food trays with tomatoes states a claim for violation of his constitutional rights. Specifically, the plaintiff may proceed against Jane Does 1 and 2, whom he alleges did not put information that he was allergic to tomatoes in his medical file; against Nurse Jane Doe for allegedly telling him to eat around the tomatoes in late December 2020 or early January 2021; and against John Doe, who talked to the plaintiff after he submitted a grievance but did not stop giving him tomato-based food.

Because the plaintiff may proceed against Doe defendants and does not know the names of the defendants he is suing, the court will add Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cty. Sheriff's

5

Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball is not required to respond to the complaint. After Sheriff Ball's attorney files an appearance, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his/her notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the complaint does not state a claim against Sheriff Ball, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people he alleges violated his constitutional rights, he must file a motion to substitute their names for the John and Jane Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's amended complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the John Doe defendants within sixty days after Sheriff Ball's attorney files a notice of appearance. If, within sixty days after Sheriff Ball's attorney files a notice of appearance, the plaintiff does not either file a motion asking to substitute the real names for the Doe

placeholders or file a written explanation of why he is unable to do so, the court may dismiss the plaintiff's case based on his failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.)

II. **Conclusion**

The court **ORDERS** the Clerk of Court to add Milwaukee County Sheriff Denita Ball shall as a defendant for the limited purpose of helping the plaintiff identify the defendants' names.

Under an informal service agreement between Milwaukee County and this court, the court will electronically send copies of the amended complaint and this order to Milwaukee County for service on Sheriff Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the plaintiff's amended complaint; she must, however, respond to the plaintiff's discovery requests as described in this order. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** the plaintiff to identify the defendants' names within sixty days of Sheriff Ball appearing in this case. If he does not, or does not explain to the court why he is unable to identify the defendants' names, the court may dismiss his case based on his failure to diligently pursue it. See Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin, this 30th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**