UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WOODROW STALLINGS, JR.,

                Plaintiff,

v.                                       Case No. 22-cv-31-pp

JANE DOES, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE (DKT. NO. 23)**

---

Plaintiff Woodrow Stallings, Jr., who is incarcerated at Stanley Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights when he was confined at the Milwaukee County Jail.

The plaintiff filed his complaint on January 11, 2022. Dkt. No. 1. At that time, he was in custody at the jail. Id. at 1, 18. He alleged that he was being given tomatoes (to which he is allergic) and pork (which he does not eat), despite his advising jail staff that he could not eat those things. The court screened the original complaint under 28 U.S.C. §1915 and determined that it failed to state a claim but gave the plaintiff an opportunity to file an amended complaint. Dkt. No. 12. At the end of that order, the court advised the plaintiff that "parties must notify the Clerk of Court of any change of address." Id. at 13.

The plaintiff filed an amended complaint, showing that he remained at the Milwaukee County Jail (Dkt. No. 15) and on January 30, 2023, the court

1

screened that pleading and allowed the plaintiff to proceed on claims against the Doe defendants (Dkt. No. 16). The court added Sheriff Denita Ball as a defendant for the limited purpose of identifying the Doe defendants and ordered the plaintiff to identify the Doe defendants within sixty (60) days by conducting discovery upon defendant Ball. Dkt. No. 16.

On February 1, 2023, Attorney Christopher Morgan filed a notice of appearance on behalf of Sheriff Ball, and sent that notice to the plaintiff at the Milwaukee County Jail. Dkt. No. 17. That meant that the plaintiff had until April 3, 2023 to seek Attorney Morgan's help in identifying the Doe defendants. But on March 1, 2023—over a month *before* that deadline—the court received a letter from the plaintiff. Dkt. No. 18. The letter stated only that the plaintiff would "like to drop this claim at this point until I get my test res[]ults and the right assistance I need for this case." Dkt. No. 18. The letter did not explain what test results the plaintiff was awaiting or what kind of assistance he needed. The signature block of this letter reflected that the plaintiff was at "Dodge Correctional Institution," id., but the plaintiff did *not* file a notice of change of address with the clerk's office. The court treated the plaintiff's filing as notice of voluntary dismissal and closed the case on March 3, 2023.

On June 7, 2023—two months *after* the deadline the court had set for the plaintiff to identify the Doe defendants and over three months after the court had closed the case—the plaintiff filed a letter. Dkt. No. 21. That letter stated:

> I would like to applagize for the inconvenience that my previous letter may cause the courts. I had misunderstoded the letter Attorney Christopher L. Morgan sent me.
>
> I have reasonly had help reading Attorney Christopher Letter. Now I understand what he was saying to me. I have also reached out to him in support of his assistance with this matter.
>
> Once again I would like to applagize to your Hon. Pamela Pepper and the Court for any inconvenance I may have caused.

Id.

This letter did not explain whether the plaintiff had contacted Attorney Morgan before the April 3, 2023 deadline for identifying the Doe defendants. It did not ask the court to reopen the case. It did not explain what Attorney Morgan had told the plaintiff or what it was the plaintiff had misunderstood. The court took no action on this letter. The signature block on the letter stated that the plaintiff was at Stanley Correctional Institution, but again, the plaintiff did not file a change-of-address notice with the clerk of court.

On September 28, 2023, the court received from the plaintiff a letter asking what was going on with his case. Dkt. No. 22. He stated that he'd been at Stanley for five months and had not heard a word about the case; he stated that he needed information about his next step and asked whether the court had been trying to get in contact with him. Id. He also (belatedly) advised the court of his new address. In response, court staff mailed the plaintiff a copy of the case docket.

On November 30, 2023, the plaintiff filed a motion to reopen the case. Dkt. No. 23. The court will deny the plaintiff's motion. The court closed the case because the plaintiff told the court that he wanted to "drop his claim." See

3

Fed. R. Civ. P. 41(a)(1)(A)(i); see also Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008) (a voluntary dismissal before any responsive pleading is filed is self-executing and automatically effects dismissal of the case). The plaintiff did not explain why he wanted to dismiss the case, other than to say he was awaiting "results" and trying to get help. He asked to dismiss the case a month before his deadline for identifying Doe defendants, and when he wrote to the court saying that he'd asked for help identifying the Doe defendants, he did not explain why he'd waited so long to do so. He transferred twice to different institutions but did not follow the court's instructions to promptly notify the clerk's office of his new addresses. He did not ask to reopen the case until nine months after the court closed it. Under these circumstances, the court will not reopen the case. The plaintiff is free to file a new case, subject to any applicable statute of limitations. The court will include a blank complaint form along with this order. The plaintiff may use that form to file a complaint in a new case; he will need to either file a motion to proceed without prepaying the filing fee or pay the full filing fee before he can proceed with the new case.

The court **DENIES** the plaintiff's motion to reopen case. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 30th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**